ROPERS, MAJESKI, KOHN & BENTLEY
STEPHEN M. SHANER (SBN 292173)
445 South Figueroa Street, Suite 3000
Los Angeles, CA 90071-1619
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Email: stephen.shaner@rmkb.com

Attorneys for Defendant
ACCOUNT DISCOVERY SYSTEMS, LLC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL EHLER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ACCOUNT DISCOVERY SYSTEMS, LLC.; DOES 1-10 inclusive,<br><br>　　　　　Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL FROM THE SUPERIOR COURT OF CALIFORNIA FOR SACRAMENTO COUNTY, CALIFORNIA, DOCKET NO. 34-2016-00197556** |

　　　　Defendant Account Discovery Systems, LLC ("ADS"), by filing this Notice of Removal and related papers, hereby removes this above-entitled action from the Superior Court for the County of Sacramento, California, Docket No.: 34-2016-0019755, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

　　　　In support of this Notice of Removal, ADS asserts the following:

　　　　1.　　On or about July 19, 2016, the Plaintiff filed a Complaint in the Superior Court for the county of Sacramento, California, Docket No.: 34-2016-0019755.

　　　　2.　　On or about July 27, 2016, ADS's registered agent was served with a copy of the Complaint.

　　　　3.　　At all times relevant hereto it is presumed the Plaintiff assert that she is a citizen of the State of California.

4. ADS is a New York limited liability company with a principal place of business in the State of New York.

5. ADS desires to exercise its right to remove the State Court Action under 28 U.S.C. § 1441(a), which provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. Plaintiff's Complaint alleges that ADS violated, inter alia, the Fair Debt Collection Practices Act (the "FDCPA") codified at 15 U.S.C. § 1692, et seq., *et seq*.

7. Given the allegation in the Complaint that ADS violated the FDCPA, this Court, pursuant to 28 U.S.C. § 1331, has subject matter jurisdiction over the allegations in the Complaint.

8. Thus, the Sacramento County action may be removed to this Court by ADS in accordance with the provisions of 28 U.S.C. § 1441(a) because this is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California and because the allegations made by the Plaintiff allege violations of the FDCPA.

9. Notice of Removal is being filed within 30 days after service of the Complaint upon ADS and is thus timely as set forth in 28 U.S.C. § 1446(d).

10. Pursuant to 28 U.S.C. § 1441(a), venue is proper because Sacramento County lies within the Eastern District of California.

11. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint served on ADS is attached hereto as **Exhibit A**.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is contemporaneously being filed with the Superior Court for the county of Alameda and served on

Plaintiff's counsel. By serving a copy of this Notice of Removal upon Plaintiff's counsel, ADS is giving Plaintiff proper notice of this removal.

14. ADS reserves the right to amend or supplement this Notice of Removal and further reserves the right to raise all defenses or objections.

Dated: August 17, 2016                    ROPERS, MAJESKI, KOHN & BENTLEY


By: /s/ Stephen M. Shaner
STEPHEN M. SHANER
Attorneys for Defendant
ACCOUNT DISCOVERY SYSTEMS, LLC.

**EXHIBIT "A"**

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

FILED
Superior Court Of Californ
Sacramento
07/19/2016
amocanu
By_____, Depu
Case Number:
34-2016-00197556

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SACRAMENTO
LIMITED JURISDICTION

RACHEL EHLER,

    Plaintiff,

-vs-

ACCOUNT DISCOVERY SYSTEMS, LLC;
DOES 1-10 inclusive,

    Defendant.

Case No.

COMPLAINT FOR

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act

(Amount not to exceed $10,000)

Jury Trial Demanded

## I. INTRODUCTION

1. This is an action for damages brought by Plaintiff RACHEL EHLER for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq. (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2. Plaintiff, RACHEL EHLER, ("Plaintiff"), is a natural person residing in SACRAMENTO County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

Complaint - 1

Page 4

3. At all relevant times herein, Defendant, ACCOUNT DISCOVERY SYSTEMS, LLC. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

### III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

5. Around and before January 26, 2016, Plaintiff started receiving numerous calls from Defendant. Defendant called Plaintiff's phone number ending in - 6924. The calls received were verified to be made by a number owned by Defendant, and Plaintiff revoked such calls when these calls were received. However, Defendant continues to telephonically harass Plaintiff.

6. Defendant's calls and its contents were enough to be considered harassment, and thus caused high levels of stress to Plaintiff.

7. As a result of Defendant's actions, Plaintiff retained counsel. A notice of representation was sent to Defendant on February 24, 2016. Defendant has failed to respond favorably, if at all, to this letter as of present.

8. Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt, (§ 1692e(2)(A));

b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

  d)   Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

  e)   Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

  9.   As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

  10.   Plaintiff reincorporates by reference all of the preceding paragraphs.

  11.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

  A.   Actual damages;
  B.   Statutory damages for willful and negligent violations;
  C.   Costs and reasonable attorney's fees; and
  D.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

  12.   Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

  A.   Actual damages;
  B.   Statutory damages;
  C.   Costs and reasonable attorney's fees; and,
  D.   For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 18th day of July, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff



**SUPERIOR COURT OF CALIFORNIA**
COUNTY OF SACRAMENTO
SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



Superior Court of California, County of Sacramento
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).
>
> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.
>
> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

<u>UNLIMITED CIVIL CASES</u>
- A *Stipulation and Order to Mediation – Unlimited Civil Cases*, Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

<u>LIMITED CIVIL CASES</u>
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



Superior Court of California, County of Sacramento
Case Management

**Arbitration**
*UNLIMITED CIVIL CASES*
- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:
- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.            FAX NO. (*Optional*)<br>EMAIL ADDRESS (*Optional*)<br>ATTORNEY FOR (*NAME*): | |
| Superior Court of California, County of Sacramento<br>720 Ninth Street, Room 102<br>Sacramento, CA 95814-1380<br>Website: http://www.saccourt.ca.gov | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER: |

## LIMITED CIVIL CASE STATUS MEMORANDUM

This form is to be filed ONLY if the case is at issue. Stipulations to arbitration and/or mediation on Limited Civil cases shall be submitted on Local Form CV\E-203

☐ **CASE STATUS MEMORANDUM**
☐ **COUNTER CASE STATUS MEMORANDUM**

  ☐ Not At Issue
  Specify:_____
  _____

☐ SHORT CAUSE TRIAL
(Any Court trial lasting 5 hours or less)

☐ EXPEDITED JURY TRIAL
(Pursuant to Code of Civil Procedure Section 630.20)

☐ REQUEST TO OPT OUT OF EXPEDITED JURY TRIAL PROCEDURES
(**Must be accompanied by Mandatory Use Judicial Council Form EJT-003, Request to Opt Out of Mandatory Expedited Jury Trial Procedures**)

☐ OBJECTION TO OPT OUT OF EXPEDITED JURY TRIAL PROCEDURES
(**Must be accompanied by Mandatory Use Judicial Council Form EJT-004, Objection to Request to Opt of Mandatory Expedited Jury Trial Procedures**)

If requesting to opt out of the Expedited Jury Trial Program, please note trial information below:
☐ LONG CAUSE TRIAL
  ☐ Jury Trial    ☐ Non-Jury Trial      Estimated time for trial_____

☐ Is Preference Claimed?
Cite Code:_____

**ARBITRATION**

☐ Plaintiff elects to refer this case to judicial arbitration.

☐ The case is suitable for arbitration. Specify: _____

☐ The case is NOT suitable for arbitration. Specify: _____

☐ Discovery to remain open 30 days from the date ordered into Arbitration/Mediation.

## LIMITED CIVIL CASE STATUS MEMORANDUM
### Proof of Service

1. I am **over 18** years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: _____
   _____

3. On (date): _____ I mailed from (city and state): _____
   the Limited Civil Case Status Memorandum for Case # _____

4. I served the documents by enclosing them in an envelope and (check one):

   ☐ a. **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.

   ☐ b. **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this businesses practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows *(please include the person's name and address where item was sent)*:

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Date: _____

_____                 _____
(Type or Print Name of Person Completing This Form)                      (Signature of Person Completing This Form)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.            FAX NO. (*Optional*) <br> EMAIL ADDRESS (*Optional*): <br> ATTORNEY FOR (*NAME*): <br> **Superior Court of California, County of Sacramento** <br> 720 Ninth Street, Room 102 <br> Sacramento, CA 95814-1380 <br> Website: http://www.saccourt.ca.gov | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | CASE NUMBER: |

**STIPULATION AND ORDER TO ARBITRATION/MEDIATION**
**LIMITED CIVIL CASES**
This form must be filed with or subsequent to a Limited Civil Case Status Memorandum (Form CV\E-202).

---

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following process (Select One):

**Arbitration:**

☐ Parties stipulate to arbitration pursuant to Code of Civil Procedure 1141.12

**Court Mediation:**

☐ Parties stipulate to Court mediation pursuant to California Rule of Court 3.891

---

**Arbitrator / Court Neutral (Must specify THREE PERSONS):**

Arbitrator / Court Neutral Selected:        Name_____

Arbitrator / Court Neutral Selected:        Name_____

Arbitrator / Court Neutral Selected:        Name_____

**Other Stipulations**

☐ Discovery to remain open 30 days from the date ordered into Arbitration/Mediation.

Additional Stipulations: _____

---

☐ A Limited Civil Case Status Memorandum has already been filed.  Date Filed: _____

---

**STIPULATION AND ORDER TO ARBITRATION / MEDIATION - LIMITED CIVIL CASES**

PLAINTIFF/PETITIONER:_____ CASE NUMBER:_____

DEFENDANT/RESPONDENT: _____

---

_____   _____   _____
Name of Party Stipulating        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

Bar # _____

Address _____

_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

_____   _____   _____
Name of Party Stipulating        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

Bar # _____

Address _____

_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

_____   _____   _____
Name of Party Stipulating        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

Bar # _____

Address _____

_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

☐ Additional Signature Page(s) Attached - (Local Form CV\E-203A)

---

**ORDER**

**The foregoing stipulation having been read and considered, and good cause appearing, now therefore:**

☐ The Court orders the parties to arbitration as stipulated above.
☐ The Court orders the parties to enter mediation as stipulated above.
☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.
☐ Stipulation and Order to Arbitration denied.
☐ Stipulation and Order to Mediation denied.
☐ It is further ordered that: _____

_____

Dated: _____    Signed: _____
                                                                         Judge of the Superior Court

---

Stipulation and Order to Arbitration/Mediation-Limited Civil Cases

CV\E–203 (Rev 01.01.2014)                                                                                    Page 2 of 2
Local Form Adopted for Mandatory Use

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO: 877-206-4741   FAX NO: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, RACHEL EHLER | FILED<br>Superior Court Of Californ<br>Sacramento<br>07/19/2016<br>amocanu<br>By_____, Depu<br>Case Number: |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
RACHEL EHLER v. ACCOUNT DISCOVERY SYSTEMS, LLC; et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited   ☑ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 34-2016-00197550<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 18, 2016
Todd M. Friedman
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]            **CIVIL CASE COVER SHEET**                        Page 2 of 2