UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NO. **2:16–CV–01949–MCE–DB**

**RACHAEL EHLER ,**

    Plaintiff,

  vs.

**INITIAL PRETRIAL SCHEDULING ORDER**

**ACCOUNT DISCOVERY SYSTEMS LLC ,**

    Defendant(s).

_____/

  This action is assigned to the Honorable Morrison C. England, Jr.  Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

### SERVICE OF PROCESS

  Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the date of the filing of the complaint.  Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk of the Court a proof of service.  Any party who impleads a third–party defendant shall serve upon that party a copy of this Order and shall file with the Clerk of the Court a proof of service reflecting such service.

///

///

1   In the event this action was originally filed in a state court and was thereafter removed

2   to this Court, the removing parties shall, immediately following such removal, serve upon

3   each of the other parties named in the complaint and upon all parties subsequently joined

4   a copy of this Order.  The removing party shall also file with the Clerk of the Court a proof

5   of service reflecting such service.

6   In order to assist the Court in meeting its recusal responsibilities, any non–governmental

7   corporate party to this action shall file a statement identifying all its parent corporations

8   and listing any publicly held company that owns ten percent (10%) or more of the party's

9   stock.  This statement shall be filed no later than fourteen (14) days after the non–

10   governmental corporate party is served with a copy of this Order.  Thereafter, if there is

11   any change in the information, the party shall file and serve a supplemental statement

12   within a reasonable time after such change occurs.

13   **DISCOVERY**

14   Within sixty (60) days[1] of service of the complaint on any party, or from the date of

15   removal, the parties shall confer as required by Federal Rule of Civil Procedure 26(f)

16   and shall prepare and submit to the Court the Rule 26(f)(3) discovery plan within

17   fourteen (14) days of the parties' conference.

18   All discovery, with the exception of expert discovery, shall be completed no later

19   than three hundred sixty–five (365) days from the filing of the original complaint in the

20   action.  In this context, "completed" means that all discovery shall have been conducted

21   so that all depositions have been taken and any disputes relative to discovery shall have

22   been resolved by appropriate order if necessary and, where discovery has been

23   ordered, the order has been obeyed.  All motions to compel discovery must be noticed

24   on the magistrate judge's calendar in accordance with the Local Rules.[2]

25   ///

26   _____

27   [1]The parties shall refer to Federal Rule of Civil Procedure 6(a) in computing the time periods specified in this Order.

28   [2]A copy of the current Local Rules is available at
http://www.caed.uscourts.gov/caednew/index.cfm/rules/local–rules/

1    **DISCLOSURE OF EXPERT WITNESSES**

2    All counsel are to designate in writing, file with the Court, and serve upon all other

3    parties the name, address, and area of expertise of each expert that they propose to

4    tender at trial not later than sixty (60) days after the close of discovery.  The designation

5    shall be accompanied by a written report prepared and signed by the witness.  The

6    report shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).

7    Within thirty (30) days after the designation of expert witnesses, any party may

8    designate a supplemental list of expert witnesses who will express an opinion on a

9    subject covered by an expert designated by an adverse party.  The right to designate a

10   supplemental expert for rebuttal purposes only shall apply to a party who has not

11   previously disclosed an expert witness on the date set for expert witness disclosure by

12   this Order.

13   Failure of a party to comply with the disclosure schedule as set forth above in all

14   likelihood will preclude that party from calling the expert witness at the time of trial.  An

15   expert witness not appearing on the designation will not be permitted to testify unless the

16   party offering the witness demonstrates: (a) good cause for the party's failure to

17   designate the expert witness in accordance with this Order; (b) that the Court and

18   opposing counsel were promptly notified upon discovery of the witness; and (c) that the

19   witness was promptly made available for deposition.

20   For purposes of this Order, an "expert" is any person who may be used at trial to

21   present evidence under Federal Rules of Evidence 702, 703, and 705, which include

22   both "percipient experts" (persons who, because of their expertise, have rendered expert

23   opinions in the normal course of their work duties or observations pertinent to the issues

24   in the case) and "retained experts" (persons specifically designated by a party to be a

25   testifying expert for the purposes of litigation).

26   ///

27   ///

28   ///

1        Each party shall identify whether a disclosed expert is percipient, retained, or

2  both.  It will be assumed that a party designating a retained expert has acquired the

3  express permission of the witness to be so listed. Parties designating percipient experts

4  must state in the designation who is responsible for arranging the deposition of such

5  persons.

6        All experts designated are to be fully prepared at the time of designation to render

7  an informed opinion, and given their bases for their opinion, so that they will be able to

8  give full and complete testimony at any deposition taken by the opposing party.  Experts

9  will not be permitted to testify at the trial as to any information gathered or evaluated, or

10  opinion formed, after deposition taken subsequent to designation.

11        Counsel are instructed to complete all discovery of expert witnesses in a timely

12  manner in order to comply with the Court's deadline for filing dispositive motions.

13                 **DISPOSITIVE MOTIONS**

14        The parties shall file dispositive motions no later than one hundred eighty (180)

15  days after the close of discovery.  All papers should be filed in conformity with the Local

16  Rules.  Absent leave of the Court, all issues the parties wish to resolve on summary

17  judgment must be raised together in one (1) motion or cross–motion.  Should the parties

18  wish to file additional motions for summary judgment, they <u>must</u> seek leave of the Court.

19        All purely legal issues are to be resolved in timely pretrial motions.  When

20  appropriate, failure to comply with Local Rules 230 and 260, as modified by this Order,

21  may be deemed consent to the motion and the Court may dispose of the motion

22  summarily.  With respect to motions for summary judgment, failure to comply with Local

23  Rules 230 and 260, as modified by this Order, may result in dismissal for failure to

24  prosecute (or failure to defend) pursuant to this Court's inherent authority to control its

25  docket and/or Federal Rule of Civil Procedure 41(b).

26  ///

27  ///

28  ///

1  Further, failure to timely oppose a summary judgment motion[3] may result in the granting

2  of that motion if the movant shifts the burden to the nonmovant to demonstrate that a

3  genuine issue of material fact remains for trial.

4          The Court places a page limit for points and authorities (exclusive of exhibits and

5  other supporting documentation) of twenty (20) pages on all initial moving papers, twenty

6  (20) pages on oppositions, and ten (10) pages for replies.  Sur–replies are viewed with

7  disfavor and will only be considered upon a showing of good cause.  All requests for

8  page limit increases must be made in writing with a proposed order setting forth any and

9  all reasons for any increase in page limit at least seven (7) days prior to the filing of the

10  motion.

11          The parties are directed to the Court's website for available hearing dates and

12  Judge England's standard procedures. (www.caed.uscourts.gov – select "Judges" –

13  select "Judge England" – select "Standard Information").

14          Citations to the Supreme Court Lexis database shall include parallel citations to

15  the Westlaw database.

16          The parties are reminded that a motion in limine is a pretrial procedural device

17  designated to address the admissibility of evidence.  The Court will look with disfavor

18  upon dispositional motions presented at the Final Pretrial Conference or at trial in the

19  guise of motions in limine.

20          The parties are cautioned that failure to raise a dispositive legal issue that could

21  have been tendered to the Court by proper pretrial motion prior to the dispositive motion

22  cut–off date may constitute waiver of such issue.

23                                    **TRIAL SETTING**

24          The parties are ordered to file a Joint Notice of Trial Readiness not later than

25  thirty (30) days after receiving this Court's ruling(s) on the last filed dispositive motion(s).

26  ///

27  _____

28          [3]The Court urges any party that contemplates bringing a motion for summary judgment or who
must oppose a motion for summary judgment to review Local Rule 260.

1   If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint

2   Notice of Trial Readiness not later than thirty (30) days after the close of discovery and

3   the notice must include statements of intent to forgo the filing of dispositive motions.

4       The parties are to set forth in their Notice of Trial Readiness, the appropriateness of

5   special procedures, whether this case is related to any other case(s) on file in the Eastern

6   District of California, the prospect for settlement, their estimated trial length, any request

7   for a jury, and their availability for trial.  After review of the parties' Joint Notice of Trial

8   Readiness, the Court will issue an order that sets forth a final pretrial conference and trial.

9   **SETTLEMENT CONFERENCE**

10       If the parties agree to a settlement conference, a magistrate judge will be

11   randomly assigned to the case to preside over the settlement conference.  If the parties

12   specifically request that the assigned District Judge or Magistrate Judge conduct the

13   settlement conference, the parties shall file the appropriate waiver of disqualification in

14   accordance with Local Rule 270(b).  If the parties elect to participate in the Voluntary

15   Dispute Resolution Program (VDRP), a stipulation of election is required pursuant to

16   Local Rule 271.  <u>See, Attachments 2–1 and 2–2 of this Order.</u>

17       In accordance with Local Rule 160, counsel are to immediately file a notice of

18   settlement or other disposition of this case.

19   **MODIFICATION OF INITIAL PRETRIAL SCHEDULING ORDER**

20       The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

21   Procedure, the Initial Pretrial Scheduling Order shall not be modified except by leave of

22   court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation

23   alone to modify the Initial Pretrial Scheduling Order does not constitute good cause.

24   Except in extraordinary circumstances, unavailability of witnesses or counsel will not

25   constitute good cause.

26   ///

27   ///

28   ///

**OBJECTIONS TO INITIAL PRETRIAL SCHEDULING ORDER**

This Initial Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within sixty (60) days of service on all defendant(s).


DATED:    August 18, 2016

_____

**MORRISON C. ENGLAND, JR.**
U.S. DISTRICT COURT JUDGE